## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

KEESUNG NAM AND JUNGEUN NAM,

Plaintiffs

**20-999 T**

v.

THE UNITED STATES,

Defendant

---

## COMPLAINT

Plaintiffs, Keesung Nam and Jungeun Nam, by and through their counsel, Anthony Diosdi, file this action against Defendant, the United States of America. In support thereof, plaintiffs allege the following:

## NATURE OF THE ACTION

1. This is an action in part for recovery of federal income tax and delinquency penalties paid by Plaintiffs for the 2007 tax year, delinquency penalties paid by Plaintiffs for the 2009 and 2010 tax years, and for recovery of non-willful civil penalties illegally assessed and collected from Plaintiffs for failure to file form TD F 90-22.1, Report of Foreign bank and Financial Accounts ("FBAR"), pursuant to regulations promulgated under the Bank

Secrecy Act ("BSA"), stated at 31 U.S.C. § 5311, *et seq.* for tax years 2008 through 2013.

## JURISDICTION AND VENUE

2. This court has jurisdiction and venue is proper pursuant to Title 28, United States Code (U.S.C.), § 1491(a)(1).

## PARTIES

3. Plaintiff Keesung Nam social security number xxx-xx-2392 is a United States green card holder and citizen of South Korea.

4. Plaintiff Jungeun Nam social security number xxx-xx-4387 is a United States green card holder and citizen of South Korea.

5. Plaintiffs' current mailing address is 56 Eonju-RO 30 Gil Gang-GU A-4703 Seoul, South Korea.

6. The Defendant is the United States of America.

## GENERAL ALLEGATIONS

7. Plaintiffs Keesung Nam and Jungeun Nam were born in South Korea and are citizens of South Korea.

8. Sometime in 1985, the plaintiffs came to the United States in order for Keesung Nam to attend graduate school. Shortly after Keesung Nam and Jungeun Nam arrived in the United States, they became permanent residents of the United States and were issued

Permanent Resident Cards, known as "Green Cards" by the United States immigration authorities.

9. On or about the 1992 tax year, the plaintiffs began reporting their worldwide income on Form 1040 tax returns.

10. On or about 2003, Keesung Nam obtained a position with Samsung Group, a South Korean corporation.

11. Once Keesung Nam obtained his position with Samsung, he began spending significant time living and working in South Korea. During the 2007 through 2008 tax years, the Plaintiffs spent significantly more time in South Korea than in the United States. For example, in 2007, plaintiffs spent only fourteen (14) days total in the United States and resided in South Korea for the majority of that year.

12. During the 2007 through 2013 calendar years, plaintiffs held a number of foreign bank accounts located in South Korea.

<u>Plaintiffs Reasonably Relied on their Certified Accountant to Satisfy their 2007 and 2008 Federal Filing Obligations</u>

13. The plaintiffs are not trained in tax or accounting, and relied on their accountant for tax advice and to satisfy their 2007 and 2008 federal filing requirements.

14. For the 2007 and 2008 tax years, the plaintiffs retained the services of Christopher Lee, a Certified Public Accountant ("CPA") to prepare their 2007 and 2008 tax returns and to satisfy their federal filing obligations.

15. During the 2007 and 2008 tax years, the plaintiffs held foreign financial accounts that were required to be disclosed on FBAR informational returns.

16. The plaintiffs provided Christopher Lee all of their financial documentation to prepare their 2007 and 2008 tax returns.

17. On November 13, 2008, Christopher Lee, filed the plaintiffs' 2007 individual income tax return with the Internal Revenue Service ("IRS") and signed the 2007 tax return on behalf of the plaintiffs.

18. Christopher Lee prepared the plaintiffs' 2007 tax returns as if they were U.S. residents for federal tax purposes. The plaintiffs were not U.S. residents for income tax purposes during the 2007 tax year.

19. Plaintiffs provided Christopher Lee with information stating that they held foreign financial accounts in South Korea.

20. Christopher Lee was aware that the plaintiffs had interests in foreign financial accounts at the time he prepared plaintiffs 2008 federal income tax return.

21. The 2008 individual income tax return prepared by Christopher Lee was checked "yes" with respect to the question on 7a Part III - Foreign Accounts and Trusts, which states "At any time during [the tax year], did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?'

22. Christopher Lee did not prepare or file an FBAR on behalf of the plaintiffs for the 2008 tax year.

Plaintiffs Reasonably Relied on their Certified Public Accountant to Satisfy their 2009
Through 2013 Federal Filing Obligations

23. For much of the 2009 through 2013 calendar years, Plaintiff Keesung Nam resided and
worked outside the United States.

24. Since Keesung Nam did not reside in the United States during much of the 2009 through
2013 calendar years, the plaintiffs did not believe that they had U.S. filing requirements
for these years.

25. The plaintiffs ultimately retained the services of Charles Gill, a CPA, to prepare their
2009 through 2013 tax returns. Charles Gill advised the plaintiffs to enter into the 2011
Offshore Voluntary Disclosure Initiative ("OVDI").

2011 IRS OVDI

26. In February of 2011, the IRS announced a federal amnesty program for taxpayers with
foreign bank accounts, the 2011 OVDI. To participate in the OVDI, participants were
required to file or amend their tax returns for the 2003 through 2010 tax years. Taxpayers
who enrolled in the OVDI were required to pay all delinquent taxes, interest, and
penalties. Under the terms of the OVDI, participants were subject to a 25 percent penalty
on the highest aggregate account balance on their previously undisclosed accounts
between the 2003 through 2010 tax years.

27. The plaintiffs retained the services of Chough, Oh, Gill, Chase & Co., P.A. to prepare all
necessary filing for the OVDI. The plaintiffs also retained the services of the law firms of
Caplin & Drysdale and Moskowitz LLP to represent them through the OVDI.

28. On August 9, 2012, the IRS forwarded to the plaintiffs a Form 906, *Closing Agreement on Final Determination Covering Specific Matters* to finalize the OVDI.

29. Sometime after the plaintiffs received the Form 906, they withdrew from the OVDI program.

30. After the plaintiffs withdrew from the OVDI, the IRS assigned Revenue Officer Barbara Kenny to audit plaintiffs' tax returns and FBAR informational returns.

31. On June 6, 2017, the IRS assessed an additional $130,385 in taxes, penalties, and interest against the plaintiffs for the 2007 tax year.

32. The IRS also assessed delinquency penalties against the plaintiffs under Section 6651 of the Internal Revenue Code for failure to timely file their 2007 income tax returns and failing to timely satisfy the 2007 tax liability assessed by the IRS.

33. On April 3, 2017, the IRS assessed an additional $20,108.87 in taxes, penalties, and interest against the plaintiffs for the 2009 tax year.

34. On April 3, 2017, the IRS assessed an additional $28,445.81 in taxes, penalties, and interest against the plaintiffs for the 2010 tax year.

2008 - 2013 FBAR Assessments

35. On June 27, 2017, the IRS assessed non-willful FBAR penalties against plaintiff Jungeun Nam in the amount of $5,000 for each of the 2008, 2009, 2010, 2011, and 2013 calendar years for a total of $25,000.

36. On June 28, 2017, the IRS assessed non-willful FBAR penalties against plaintiff Keesung Nam in the amount of $10,000 for each of the 2008, 2009, and 2010 calendar years for a total of $30,000.

37. The total FBAR penalties that the IRS assessed against the plaintiffs was $55,000.

38. On or about August 2, 2017, the plaintiffs satisfied the $55,000 FBAR penalties in full.

Refund Claims Timely Filed.

39. Section 7422 of the Internal Revenue Code mandates that no suit for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected shall be maintained in any court until a claim for refund has been filed.  Revenue Code § 6511 provides that a claim for refund is timely filed if it is filed within three years of the date of the filing of the tax return or within two years of the date of payment of tax. Pursuant to IRC § 6532(a), no suit for refund for the recovery of any internal revenue tax, penalty, or other sum shall begin before the expiration of six months of the date of the filing of the administrative claim for refund.

40. According to the IRS transcript dated May 31, 2019, on June 6, 2017, plaintiffs fully satisfied $130,385 of income tax, penalties, and interest for the 2007 tax year. A true and correct copy of the transcript issued by the IRS is hereto attached **Exhibit A.**

41. On or about May 30, 2019, plaintiffs filed an administrative claim for refund with the IRS in the form of an amended 2007 income tax return. A copy of plaintiffs' amended 2007 federal income tax return is attached as **Exhibit B.**

42. Plaintiffs' 2007 administrative claim for refund provided the defendant with adequate notice that plaintiffs sought a refund of $84,661.

43. More than six months have lapsed since the date of the filing of the administrative claim for refund for the 2007 tax year.

44. Per the IRS transcript dated May 31, 2019, on or about September 1, 2017, plaintiffs fully paid all income tax, penalties, and interest in the amount of $20,108.87 and $28,445.81, for tax years 2009 and 2010, respectively.  A true and correct copy of the IRS transcripts are hereto attached as **Exhibit C** and **Exhibit D**.

45. On or about June 14, 2019,  plaintiffs filed an administrative claim for refund with the IRS for tax years 2009 and 2010 for refund of the delinquency penalties assessed.  A copy of the 2009 and 2010 refund claims are hereto attached as **Exhibit E** and **Exhibit F.**

46. More than six months have lapsed since the date of the filing of the administrative claims for refund for the 2009 and 2010 tax year.

## 2007 CLAIM FOR REFUND

### Plaintiffs Were Not U.S. Residents for Income Tax Purposes for the 2007 Tax Year

47. Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

48. Under the Internal Revenue Code, the determination of an individual's income tax status is dependent upon whether he or she can be classified as a U.S. person.

49. Although U.S. persons are subject to U.S. federal income taxation on their worldwide income, pursuant to IRC § 871, non-U.S. persons are generally only subject to U.S. income taxation on their U.S. source income.

50. An individual will be classified as a U.S. income tax resident if any one of the following conditions are met:

i) Permanent residency: An individual in possession of a green card that has not been revoked.

ii) Substantial presence test: An individual who meets the substantial presence test will be being physically present in the U.S. for at least 183 days under the statutory formula test which counts the number of days physically present in the U.S. during the current year, as well as looks at the number of days physically present in the U.S. in the prior two years.

51. A person can be treated as a U.S. tax resident and a tax resident of another country. In these cases, an exception to the green card and substantial presence test may be available under an applicable tax treaty negotiated by the United States. When a person can be treated as a U.S. tax resident and a tax resident of another country, a U.S. tax resident can be treated as a non-U.S. person for purposes of calculating his U.S. federal income tax liability if the individual can be classified as a tax resident of another country of a provision contained in a tax treaty. This is known as a "tie-breaker treaty test or provision."

52. Paragraph 2, Article 3 of the United States-South Korea tax treaty contains a "tie-breaker treaty test or provision." In order to utilize the tie-breaker "tie-breaker test or provision" contained in the United States-South Korean tax treaty, an individual must establish that

9

he or she was both a tax resident of the United States and South Korea. The individual must also establish that he or she has a closer connection to either the United States or South Korea.

53. Paragraph 2, Article 3(2) of the United States-South Korea Tax Treaty, states "Where by reason of the provisions of paragraph (1) an individual is a resident of both Contracting States: a) He shall be deemed to be a resident of that Contracting State in which he maintains his permanent home; b) If he has a permanent home in both Contracting States or in neither of the Contracting States, he shall be deemed to be a resident of that Contracting State with which his personal and economic relations are closest (center of vital interests); c) If his center of vital interests is in neither of the Contracting States or cannot be determined, he shall be deemed to be a resident of that Contracting State in which he has a habitual abode; d) If he has a habitual abode in both Contracting States or in neither of the Contracting States, he shall be deemed to be a resident of the Contracting State of which he is a citizen; and e) If he is a citizen of both Contracting States or of neither Contracting State the competent authorities of the Contracting States shall settle the question by mutual agreement.  For the purpose of this paragraph, a permanent home is the place where an individual dwells with his family."

54. In order for a United States tax resident to establish a closer connection to South Korea, where the individual's personal and economic relations are closest (center of vital interests).

55. In 2007, plaintiffs were U.S. green card holders.  Although plaintiffs were green card holders, plaintiffs spent the majority of the  2007 calendar year in South Korea, spending only fourteen (14) days in the U.S. that year.

56. In 2007, the plaintiffs did not own a home in the United States. However, the plaintiffs owed a home in South Korea. In addition, most of the Plaintiffs' assets were located in South Korea as were most of Plaintiffs' family and close friends. The plaintiffs were also registered to vote in South Korea and not the United States in 2007. Furthermore, the plaintiffs were issued a driver's license by the Korean authorities in 2007. Finally, the plaintiffs filed income tax returns in South Korea in 2007.

57. Since plaintiffs' permanent home and economic relations were the closest to South Korea in 2007,  plaintiffs had a closer connection to Korea in 2007 and should be taxed as nonresidents for U.S. federal income tax purposes.

<u>The IRS Erroneously Assessed Delinquency Penalties Against Plaintiffs in 2007</u>

58. Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

59. Delinquency penalties are imposed by IRC § 6651 for failure to timely file a tax return and failure to timely pay taxes. Delinquency penalties are imposed upon the "net amount due." The only statutory basis to escape delinquency penalties is if the delinquency is "due to reasonable case and not willful neglect." Whether both "reasonable cause" and lack of "willful neglect" exists is a question of fact.

60. The plaintiffs reasonably relied on the advice of Christopher Lee, CPA to timely file their 2007 tax return and to determine their correct tax liability.

61. Since the plaintiffs reasonably relied on a CPA to determine their 2007 tax liability and timely file their 2007 tax returns, the plaintiffs should not be liable for any delinquency penalties for the 2007 tax year.

<u>2007 Income Tax Assessment Barred By Statute of Limitations</u>

62. Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

63. Pursuant to Internal Revenue Code § 6501(a), the assessment of any internal revenue tax must generally be made within a three-year period beginning with the date a return is filed. If a tax return is filed on the due date of the return or if it is filed after the due date, the tax must be assessed within the succeeding three-year period. This rule applies not only to the underlying tax, but also to interest and penalties that would have been assessed on the principle amount of tax.

64. Internal Revenue Code § 6501(e)(1)(A) provides an extended limitation period for situations where a taxpayer non-fraudulently omits more than twenty five percent of his gross income. When a taxpayer non-fraudulently omits more than twenty five percent of his gross income, the IRS may "at any time within six years after the return was filed" make an assessment against that taxpayer. If a taxpayer files a false or fraudulent tax return with the intent to defeat tax, the IRS may assess tax at any time.

65. The plaintiffs filed their 2007 federal income tax return on November 13, 2008.

66. The IRS assessed additional taxes, interest, and penalties against the plaintiffs for the 2007 tax year, on December 17, 2014.

67. The IRS did not claim that the plaintiffs fraudulently omitted income from their 2007 income tax return or fraudulently intended to defeat a tax for the 2007 tax year.

68. Pursuant to IRC § 6501, the tax assessment for tax year 2007 is barred by the statute of limitations.

## 2009 CLAIM FOR REFUND OF DELINQUENCY PENALTIES

69. Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

70. On April 3, 2017,  the IRS assessed IRC § 6651 delinquency penalties against the plaintiffs for the 2009 tax year.

71. The only statutory basis to escape delinquency penalties is if the delinquency was "due to reasonable cause and not willful neglect." Whether both "reasonable cause" and lack of "willful neglect" exists is a question of fact.

72. In the present case, the plaintiffs acted with "reasonable cause" and not "willful neglect" in failing to timely file their 2009 tax return.

73. Plaintiffs did not timely file their 2009 tax return as a result of a mistake of fact and mistake of law.

## 2010 CLAIM FOR REFUND OF DELINQUENCY PENALTIES

74. Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

75. On April 3, 2017, the IRS assessed Internal Revenue Code § 6651 delinquency penalties against the plaintiffs for the 2010 tax year.

76. The only statutory basis to escape delinquency penalties is if the delinquency was "due to reasonable cause and not willful neglect." Whether both "reasonable cause" and lack of "willful neglect" exists is a question of fact. In the present case, the plaintiffs acted with "reasonable cause" and not "willful neglect" in failing to timely file their 2010 tax return.

77. Plaintiffs did not timely file their 2010 tax return as a result of mistake of fact and mistake of law.

## 2008 - 2013 CIVIL NON-WILLFUL FBAR PENALTY ILLEGALLY ASSESSED AND COLLECTED

78. Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

79. The BSA. and related regulations, requires U.S. residents and citizens ("U.S. citizen"), to keep records and file reports when the U.S. citizen "makes a transaction or maintains a relation with a foreign financial agency." *See* 31 U.S.C. § 5314. For the tax years at issue, such reports must be filed on Form TD F 90-22.1 ("FBAR") on or before June 30

of each calendar year with respect to foreign financial accounts maintained during the previous calendar year. *See* 31 C.F.R. § 1010.306 (c).

80. Title 31 USC 5321 § (a)(5) provides for the imposition of civil penalties against an individual who, either willfully or non-willfully, fails to comply with the reporting requirements of 31 U.S.C. § 5314.  The statutory language of 31 U.S.C.§ 5321 certainly has flexibility built in, to provide the IRS with discretion to determine if and when to assess a non-wilful penalty.  Under 31 U.S.C. § 5321, no non-willful penalty shall be assessed if an individual acted with "reasonable cause."

81. Reliance on the advice of a tax professional may constitute reasonable cause and good faith, if under all facts and circumstances, the reliance is reasonable and in good faith.

82. For the 2008 calendar year, the plaintiffs relied on the services of Christopehr Lee, CPA to timely file FBAR informational returns on their behalf.

83. Despite the fact that the CPA stated on the plaintiffs' 2008 tax return that they held foreign financial assets, the CPA failed to disclose the plaintiffs' foreign financial accounts required FBAR informational returns. Consequently, the plaintiffs acted with reasonable cause and good faith in relying on a CPA for the 2008 calendar year to disclose their foreign financial accounts on FBAR informational returns.

84. The plaintiffs have very little knowledge or experience in dealing with U.S. tax laws. The plaintiffs do not have a strong command of the English language. Even on a practical and personal level, the plaintiffs have no exposure whatsoever to U.S. tax and reporting obligations.

85. As a result of their poor English skills and lack of understanding of U.S. tax law, the plaintiffs mistakenly omitted their foreign financial accounts from FBARs for the 2008 through 2013 tax years.

86. Based on the information and advice that they received from their CPA for the 2008 tax year, the plaintiffs not only believed that the filing of FBAR informational returns was not necessary for the 2008 tax year, the plaintiffs did not believe they had an obligation to file FBAR informational returns for the 2009, 2010, 2011, and 2013 calendar years.

87. Like any ordinary taxpayers, plaintiffs simply followed the direction of their CPA. Thus, the plaintiffs relied in good faith upon the advice of Christopher Lee.

88. The IRS erroneously assessed non-willful FBAR penalties against the plaintiffs for the 2008 through 2013 calendar years.

## 2008 AND 2009 FBAR ASSESSMENTS
## BARRED BY THE STATUTE OF LIMITATIONS

89. Plaintiffs reallege and incorporate the allegations set forth above as if fully set forth herein.

90. Title 31 U.S.C. § 5321(b) provides a six year statute of limitations for the assessment of civil FBAR penalties. If the IRS does not assess the FBAR penalties against the plaintiffs within six years, the IRS cannot assess and collect the FBAR penalties.

91. On June 27, 2017, the IRS assessed non-willful FBAR penalties against Jungeun Nam in the amount of $5,000 each for calendar years 2008 and 2009, for a total of $10,000.

16

92. On June 28, 2017, the IRS assessed non-willful FBAR penalties against Keesung Nam in the amount of $10,000 each for calendar year 2008 and 2009, for a total of $20,000.

93. The IRS assessed non-willful FBAR penalties against the plaintiffs for the 2008 and 2009 calendar years after the six year statute of limitations had expired.

94. The IRS' FBAR assessments against plaintiffs for the 2008 and 2009 calendar years are barred by the statute of limitations.

**WHEREFORE**, Plaintiffs pray for the following relief:

    A. For refund of the income taxes overpaid by the plaintiffs for the 2007 tax year in the amount of $84,661;

    B. For refund of delinquency penalties overpaid by plaintiffs for the 2007 tax year;

    C. For refund of the delinquency penalties overpaid by the plaintiffs for the 2009 tax year in the amount of $20,108.87;

    D. For refund of the delinquency penalties overpaid by the plaintiffs for the 2010 tax year in the amount of $28,445.81;

    E. For refund of the non-willful civil FBAR penalties assessed against and collected from plaintiff Jungeun Nam in the amount of $5,000 for the 2008 tax year, $5,000 for the 2009 tax year, $5,000 for the 2010 tax year, $5,000 for the 2011 tax year, and $5,000 for the 2013 tax year (total of $25,000);

    F. For refund of the non-willful civil FBAR penalties assessed against and collected from plaintiff Keesung Nam in the amount of $10,000 for the 2008 tax year,

$10,000 for the 2009 tax year, and $10,000 for the 2010 tax year (total of $30,000);

G.  An award of attorney fees, costs, and other expenses incurred by the plaintiffs to the extent allowed by law;

H.  For further and other relief the Court may deem just and proper.

Respectfully Submitted,

Dated: _8-3___, 2020

Anthony V. Diosdi
Diosdi Ching & Liu, LLP
505 Montgomery St. 11th Floor
San Francisco, CA 94111
Telephone: 415-318-3990
Fax: 415-335-7922
E-mail: adiosdi@sftaxcounsel.com

Attorney for Plaintiffs